IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN HENDERSON, | : | |
| | : | 1:12-cv-1671 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| WARDEN J. THOMAS, DAVID BREWER, Unit Manager, and CHRIS HENDRICKSON, Case Manager, | : : : : | |
| Defendant. | : | |

## MEMORANDUM

### September 24, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 6), filed on August 30, 2012, which recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that the case be closed. Objections to the R&R were due by September 17, 2012, and to date, none have been filed. *Pro se* Plaintiff Shawn Henderson ("Plaintiff" or "Henderson") did, however, file a motion to appoint counsel (Doc. 7) and a document entitled "Plaintiff's Motion to File an Appeal on the Above Case that was Dismissed on August 22, 2012 by Judge Jones and the

Magistrate Judge Mannion."[1] (Doc. 9). Thus, we shall construe the Magistrate Judge's recommendation as being objected to, despite the fact that Plaintiff has not filed formal objections thereto.

For the reasons that follow, the R&R shall be adopted in its entirety.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

---

[1] Notably, this one-page document only contains the title of the "motion" and an "affidavit" by Plaintiff to "tell the truth" in Court. Moreover, the document references an August 22, 2012 dismissal of the case, however, as of that date, this case was *not* dismissed, thus the Court is unaware of what the Plaintiff is referencing.

Plaintiff, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, filed the instant civil rights action pursuant to 28 U.S.C. § 1331 on August 22, 2012. Simultaneously with the filing of his complaint, Plaintiff filed an application to proceed *in forma pauperis*. Pursuant to the request for *in forma pauperis* status, Magistrate Judge Mannion undertook a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2]

Within the complaint, Plaintiff alleges that the Defendants, who are the Warden of USP-Lewisburg and Plaintiff's unit and case manager, conspired to deny Plaintiff placement in a halfway house, also known as a Residential Re-Entry Center ("RRC"), prior to his projected release date of May 15, 2013. In his prayer for relief, Henderson asks the Court to release him to a RRC before his projected release date of May 15, 2013, or alternatively to permit him to commence home detention on November 16, 2012, his home detention eligibility date.

Magistrate Judge Mannion recommends that Plaintiff's complaint be dismissed because Plaintiff has failed to raise a constitutional claim with respect to the Defendants' alleged failure to recommend him for placement in a RRC, since it is well-established that the United States Constitution does not confer any right

---

[2] Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding *in forma pauperis* "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

upon an inmate to any particular custody or security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed . . . and is not otherwise violative of the Constitution." *Id.* Here, Plaintiff does not contend that he is being held past his release date (which is in May of 2013), just that he essentially disagrees with the Defendants' failure to recommend him for a RRC placement. Thus, the Magistrate Judge correctly recommends that the Plaintiff's complaint be dismissed.[3]

As we have previously noted, Plaintiff has not lodged any substantive objections to the instant R&R. Because we agree entirely with the sound reasoning of the Magistrate Judge, we shall adopt the R&R in its entirety. An appropriate Order shall issue.

---

[3] We note that, to the extent the Plaintiff is contesting the fact or duration of his confinement, he must do so via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. From our review of the Plaintiff's complaint it does not appear that Plaintiff is asking for such relief, however, in the interest of caution, we will dismiss this case without prejudice to Plaintiff filing such a habeas petition if he so desires.